Glenn R. Kantor, SBN 122643
E-mail: gkantor@kantorlaw.net
Timothy J. Rozelle, SBN 298332
E-mail: trozelle@kantorlaw.net
Mark T. Lounsbury, (SBN 361688)
E-mail: mlounsbury@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiffs,
Sebastian Quinones, Julia Quinones, and M.Q., a minor

KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEBASTIAN QUINONES, JULIA QUINONES, and M.Q., a minor, by and through PATRICIA CARR, guardian of her estate,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | CASE NO: 2:26-cv-07385-CAS-CTSx<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>(1) BREACH OF CONTRACT<br><br>(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Sebastian Quinones, Julia Quinones, and M.Q., a minor, by and through Patricia Carr, guardian of her estate, herein set forth the allegations of their First Amended Complaint against Defendant Life Insurance Company of North America.

///

KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

## PRELIMINARY ALLEGATIONS

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. Plaintiffs are informed and believe that Defendant Life Insurance Company of North America (hereinafter "LINA") is a corporation incorporated in and with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Each of the Plaintiffs are residents and citizens of the County of Los Angeles, State of California.

5. Plaintiff M.Q. is a minor, born in 2018. She is the daughter of decedent Richard Quinones and of Patricia Carr, who is her mother and her surviving parent, and with whom she resides in the County of Los Angeles. By Letters of Guardianship issued on April 8, 2026 in In re Guardianship of M.Q., Superior Court of California, County of Los Angeles, Case No. 25STPB11132, Patricia Carr is the court-appointed guardian of the estate of M.Q. Pursuant to Federal Rule of Civil Procedure 17(c)(1)(A) and California Code of Civil Procedure section 372(a)(1), M.Q. appears in this action by and through Patricia Carr as the guardian of her estate. Copies of the Letters of Guardianship and the Order Appointing Guardian, redacted in accordance with Federal Rule of Civil Procedure 5.2, are lodged concurrently with this First Amended Complaint.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT FOR BREACH OF CONTRACT

6. Plaintiffs incorporate by reference all preceding paragraphs as though set forth fully herein.

///

7. Prior to the events relevant to this action, LINA issued a group accidental death and disability policy of insurance to the County of Los Angeles, to insure the accidental death or dismemberment protections it offered its employees. LINA issued the policy with policy number OK 819451. Because the County of Los Angeles is a governmental entity, neither the group policy nor the benefit plan established by the County of Los Angeles is subject to ERISA. By letter dated July 8, 2026, LINA confirmed in writing that it is handling this claim as non-ERISA.

8. As an eligible employee of the County of Los Angeles, Richard Quinones was entitled to receive $350,000.00 in accidental death benefits. No beneficiary designation for Richard Quinones is on file with the County of Los Angeles or LINA. Under the policy's Payment of Claims provision, where there is no named beneficiary the loss of life benefit is paid in one sum to the first surviving class, of which the first is the Insured's spouse and the second is the Insured's child or children. Richard Quinones left no surviving spouse. Plaintiffs are his three children and together constitute the first surviving class. Under the terms of the policy, Plaintiffs are equal beneficiaries of the benefits of his accidental death coverage.

9. The Policy was issued in California and was always subject to the laws of the State of California.

10. Richard Quinones paid all premiums billed to him to keep the coverage in force until his death in December 2024 as the result of drowning while surfing.

11. After the death of Richard Quinones, the Plaintiffs submitted a benefit claim to LINA and provided it with all documentation necessary to effectuate the payment of the accidental death benefits.

12. After receiving the claim, and the accompanying documentation, on April 1, 2025, LINA sent the Plaintiffs a letter indicating it was denying the claim on the ground that Richard Quinones death was the result of a cause excluded by the terms of the policy.

///

KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

13. On June 16, 2025, Maria Sanchez, as guardian of then-minor beneficiary Sebastian Quinones, submitted a written appeal of LINA's April 1, 2025 adverse benefit determination and provided additional evidence in support of the claim.

14. In connection with that appeal, LINA obtained a file review from a physician it retained, who reviewed records only. The findings in that review, applied under California law, supported payment of the accidental death benefit.

15. By letter dated August 5, 2025, LINA issued its determination on appeal and upheld the denial of the claim.

16. By letter dated September 29, 2025, Ms. Sanchez submitted a further written request that LINA reconsider its denial.

17. By letter dated October 9, 2025, LINA declined to treat that request as an appeal, asserting that it contained no information not previously reviewed, and stated that it would consider a further appeal accompanied by information not previously reviewed.

18. On or about January 29, 2026, Plaintiffs, through counsel, requested a complete copy of the claim file and notified LINA of their intent to submit a further appeal. By letter dated February 24, 2026, LINA produced the claim file and extended the time to submit additional appeal materials by 90 days.

19. On May 22, 2026, Plaintiffs, through counsel, requested a further extension of the appeal deadline, which LINA granted through June 25, 2026.

20. On June 25, 2026, Plaintiffs, through counsel, submitted correspondence to LINA regarding the appeal.

21. By letter dated July 8, 2026, LINA confirmed in writing that it was handling the claim as non-ERISA, that no ERISA appeal deadline applied, and that it would consider a written request for appeal accompanied by new material information. LINA has at all times maintained that Richard Quinones' death is excluded from coverage and has not paid the accidental death benefit.

///

KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

22. LINA's failure to pay the Plaintiffs the full policy benefits, and its claim conduct constitutes a breach of the insurance contract. As a direct and proximate result of LINA's breach of the Policy, the Plaintiffs suffered contractual damage under the terms and conditions of the Policy that will continue, plus interest and other incidental damage and out-of-pocket expenses, all in sum to be determined according to proof at the time of trial.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

23. Plaintiffs incorporate by reference all preceding paragraphs as though set forth fully herein.

24. LINA has breached its duty of good faith and fair dealing owed to Plaintiffs in the following respects:

(a) Unreasonably withholding benefits from Plaintiffs in bad faith at a time when LINA knew Plaintiffs were entitled to said full benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiffs' claim for the full amount of the accidental death benefits;

(c) Unreasonably delaying payment to the Plaintiffs of the full policy benefit in bad faith knowing Plaintiffs' claim for benefits under the Policy was valid;

(d) Intentionally and unreasonably applying claimed Policy provisions to limit LINA's financial exposure and contractual obligations and to maximize profits;

(e) Unreasonably compelling the Plaintiffs to institute litigation to recover amounts due under the Policy to further discourage Plaintiffs from pursuing their full policy benefits;

(f) The Plaintiffs are informed and believe and thereon allege that LINA has breached its duties of good faith and fair dealing owed to Plaintiffs by other acts

KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

or omissions of which Plaintiffs are presently unaware. Plaintiffs will amend this First Amended Complaint at such time as Plaintiffs discover these other acts or omissions.

25. As a proximate result of the wrongful conduct of LINA, the Plaintiffs have suffered and will continue to suffer damage in the future under the Policy, plus interest, for a total amount to be shown at the time of trial.

26. As a further proximate result of the wrongful conduct of LINA, the Plaintiffs have suffered anxiety, worry, mental and emotional distress, and other incidental damage and out-of-pocket expenses, all to Plaintiffs' general damage in a sum to be determined at the time of trial.

27. As a further proximate result of the wrongful conduct of LINA, Plaintiffs were compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, LINA is liable to Plaintiffs for those attorneys' fees reasonably necessary and incurred by Plaintiffs to obtain Policy benefits in sum to be determined at the time of trial.

28. LINA's conduct described herein was intended by LINA to cause injury to Plaintiffs, was despicable conduct carried on by LINA with a willful and conscious disregard of the rights of Plaintiffs, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to LINA with the intention to deprive Plaintiffs of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of LINA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against LINA as follows:

1. Damages for failure to provide accidental death benefits under the Policy, in an amount to be determined at the time of trial but more than $350,000.00 plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00.

3. Punitive and exemplary damages in an amount in excess of $5,000,000.00.

4. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial.

5. Costs of suit incurred herein; and

6. Such other and further relief as the Court deems just and proper.

DATED: September 2, 2026 KANTOR & KANTOR, LLP

By: /s/ *Timothy J. Rozelle*
Glenn R. Kantor
Timothy J. Rozelle
Mark T. Lounsbury
Attorneys for Plaintiffs,
Sebastian Quinones, Julia Quinones, and M.Q., a minor, by and through Patricia Carr, guardian of her estate

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: September 2, 2026 KANTOR & KANTOR, LLP

By: /s/ *Timothy J. Rozelle*
Glenn R. Kantor
Timothy J. Rozelle
Mark T. Lounsbury
Attorneys for Plaintiffs,
Sebastian Quinones, Julia Quinones, and M.Q., a minor, by and through Patricia Carr, guardian of her estate

KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525