Jason A. James (SBN 265129)
E-mail: jjames@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
18300 Von Karman Avenue, Suite 650
Irvine, California 92612-1032
Tel: 949.863.3363 Fax: 949.863.3350

Attorneys for Defendant
LIFE INSURANCE COMPANY OF
NORTH AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

SEBASTIAN QUINONES, JULIA QUINONES, and M.Q., a minor, by and through PATRICIA CARR, guardian of her estate,

Plaintiffs,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.

Case No. 2:26-cv-07385-CAS-CTSx

**DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Judge: Hon. Christina A. Snyder

Complaint Filed: July 8, 2026

COMES NOW, defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and in response to the First Amended Complaint ("FAC") filed by plaintiffs SEBASTIAN QUINONES, JULIA QUINONES, and M.Q. (collectively "Plaintiffs"), admits, denies, alleges, and/or pleads as follows:

1. Answering paragraph 1 of the FAC, LINA admits that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 1.

2. Answering paragraph 2 of the FAC, LINA admits that venue may be laid

in this judicial district. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 2

3. Answering paragraph 3 of the FAC, LINA admits only that it is authorized to transact business in California and that its principal place of business is in the State of Pennsylvania. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 3

4. Answering paragraph 4 of the FAC, LINA admits, based upon information and belief, that Plaintiffs are residents and citizens of Los Angeles County, California. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 4

5. Answering paragraph 5 of the FAC, LINA admits, based upon information and belief, that M.Q. is a minor, and that she is the daughter of Richard Quinones ("Quinones"). LINA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 5.

**FIRST CLAIM FOR RELIEF AGAINST**

6. Answering paragraph 6 of the FAC, LINA incorporates its responses to all preceding paragraphs as though fully set forth herein.

7. Answering paragraph 7 of the FAC, LINA admits that it issued a group accidental death and dismemberment policy, policy no. OK-819451, to the County of Los Angeles (the "Group AD&D Policy"). LINA also admits that the Group AD&D Policy is not governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 7.

8. Answering paragraph 8 of the FAC, LINA admits that Quinones was at

certain times a participant under the Group AD&D Policy and had $350,000 in group AD&D coverage under the Policy. LINA also admits that the County of Los Angeles confirmed it did not have a beneficiary designation on file for Quinones' AD&D coverage. LINA further admits that the Group AD&D Policy speaks for itself and is the best evidence of its terms and conditions. LINA denies any allegations that are inconsistent with or misrepresent the terms set forth in the Group AD&D Policy. LINA further admits, based upon information and belief, that Plaintiffs are Quinones' children and that Quinones did not have a spouse at the time he died. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 8.

9. Answering paragraph 9 of the FAC, LINA admits that the Group AD&D Policy speaks for itself and is the best evidence of its terms. LINA denies any allegations that are inconsistent with or misrepresent the terms set forth in the Group AD&D Policy. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 9.

10. Answering paragraph 10 of the FAC, LINA admits that the claim file speaks for itself and is the best evidence of the status of Quinones' coverage under the Group AD&D Policy. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 10.

11. Answering paragraph 11 of the FAC, LINA admits only that Plaintiffs submitted a claim for AD&D benefits under the Group AD&D Policy. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 11.

12. Answering paragraph 12 of the FAC, LINA admits that it denied Plaintiffs' AD&D claim by letter dated April 1, 2025. Answering further, the remaining allegations in paragraph 12 purport to summarize LINA's April 1, 2025 letter, which is a written document that speaks for itself and is the best evidence of its

content. LINA denies any allegations that are inconsistent with or misrepresent the content of its April 1, 2025 letter. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 12.

13. Answering paragraph 13 of the FAC, LINA admits that Plaintiffs appealed the claim decision by letter dated May 2, 2025, and submitted additional information. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 13.

14. Answering paragraph 14 of the FAC, LINA admits only that it obtained an expert medical review on appeal. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 14.

15. Answering paragraph 15 of the FAC, LINA admits that it upheld the claim decision by letter dated August 5, 2025. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 15.

16. Answering paragraph 16 of the FAC, LINA admits that Maria Sanchez wrote to LINA by letter dated September 29, 2025. LINA also admits that Ms. Sanchez's September 29, 2025 letter is contained in the claim file and is a written document that speaks for itself and is the best evidence of its content. LINA denies any allegations that are inconsistent with or misrepresent the information contained in the claim file. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 16.

17. Answering paragraph 17 of the FAC, LINA admits that it wrote to Ms. Sanchez by letter dated October 9, 2025. LINA also admits that its October 9, 2025 letter is contained in the claim file and is a written document that speaks for itself and is the best evidence of its content. LINA denies any allegations that are inconsistent with or misrepresent the information contained in the claim file. Except as otherwise

expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 17.

18. Answering paragraph 18 of the FAC, LINA admits that Plaintiffs' counsel wrote to LINA by letter dated January 29, 2026, and LINA responded to counsel by letter dated February 24, 2026. LINA also admits that the letters dated January 29, 2026 and February 24, 2026 are contained in the claim file and are written documents that speak for themselves and are the best evidence of their content. LINA denies any allegations that are inconsistent with or misrepresent the information contained in the claim file. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 18.

19. Answering paragraph 19 of the FAC, LINA admits that Plaintiffs' counsel wrote to LINA by letter dated May 22, 2026, and that LINA responded by email dated May 26, 2026. LINA also admits that the May 22, 2026 letter and May 26, 2026 email are contained in the claim file and are written documents that speak for themselves and are the best evidence of their content. LINA denies any allegations that are inconsistent with or misrepresent the information contained in the claim file. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 19.

20. Answering paragraph 20 of the FAC, LINA admits that Plaintiff's counsel wrote to LINA by letter dated June 25, 2026. LINA also admits that counsel's June 25, 2026 letter is contained in the claim file and is a written document that speaks for itself and is the best evidence of its content. LINA denies any allegations that are inconsistent with or misrepresent the information contained in the claim file. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 20.

21. Answering paragraph 21 of the FAC, LINA admits that it responded to counsel's June 25, 2026 letter by letter dated July 8, 2026. LINA also admits that its

July 8, 2026 letter is contained in the claim file and is a written document that speaks for itself and is the best evidence of its content. LINA denies any allegations that are inconsistent with or misrepresent the information contained in the claim file. Except as otherwise expressly admitted or alleged, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 21.

22. Answering paragraph 22 of the FAC, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 22.

**SECOND CLAIM FOR RELIEF AGAINST**

23. Answering paragraph 23 of the FAC, LINA incorporates its responses to all preceding paragraphs as though fully set forth herein.

24. Answering paragraph 24 of the FAC, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 24.

25. Answering paragraph 25 of the FAC, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 25.

26. Answering paragraph 26 of the FAC, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 26.

27. Answering paragraph 27 of the FAC, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 27.

28. Answering paragraph 28 of the FAC, LINA denies generally and specifically, each, every, and all of the allegations in paragraph 28.

**RESPONSE TO PRAYER FOR RELIEF**

In response to Paragraphs 1 through 6 of Plaintiff's prayer for relief, LINA denies that Plaintiff has been damaged in the amount alleged, in any amount, or at all, and further denies that Plaintiff is entitled to the relief requested or to any relief whatsoever as against LINA.

Any allegations contained in Plaintiff's FAC that have not been specifically admitted above are denied.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct defenses to Plaintiff's FAC, LINA alleges and avers as follows:

## FIRST AFFIRMATIVE DEFENSE

1. LINA alleges that the FAC, and each purported claim for relief alleged therein, fails to state a claim upon which relief can be granted against LINA.

## SECOND AFFIRMATIVE DEFENSE

2. LINA alleges that Plaintiffs have failed to meet the terms and conditions necessary for coverage to exist under the Group AD&D Policy.

## THIRD AFFIRMATIVE DEFENSE

3. LINA alleges that any and all of the actions taken by any officer, employee, and/or agent of LINA were good faith assertions of the rights of LINA and were therefore privileged and/or justified.

## FOURTH AFFIRMATIVE DEFENSE

4. LINA is informed and believes, and on that basis alleges that if Plaintiffs sustained any damages as alleged in the FAC, which LINA denies, Plaintiffs failed to mitigate said damages.

## FIFTH AFFIRMATIVE DEFENSE

5. LINA alleges that the FAC, and each purported claim for relief alleged therein, fails to state any facts that would entitle Plaintiffs to recover general, compensatory, mental and emotional distress, punitive, and/or other damages (including attorney's fees and costs) against LINA.

## SIXTH AFFIRMATIVE DEFENSE

6. LINA alleges that its purported obligations, if any, as alleged in the FAC were fully performed.

## SEVENTH AFFIRMATIVE DEFENSE

7. LINA alleges that Plaintiffs' remedy for any alleged breach of contract is limited by California Civil Code Sections 3302.

**EIGHTH AFFIRMATIVE DEFENSE**

8. LINA alleges that Plaintiffs' cause of action for breach of contract is barred, in whole or in part, in that LINA substantially and/or fully performed all of its duties and obligations, if any, arising out of any contract(s) with Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

9. LINA alleges that Plaintiffs' cause of action for breach of the duty of good faith and fair dealing fails on the grounds that any and all actions taken by LINA were fair, reasonable, and in good faith, and therefore subject to a bona fide dispute, and a genuine issue of liability exists.

**TENTH AFFIRMATIVE DEFENSE**

10. LINA alleges that the FAC is barred because LINA did not breach any legal duty owed to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. LINA alleges that if LINA failed to perform any obligations owing to Plaintiffs, which LINA categorically denies, such performance was prevented or made impossible as a result of the acts or omissions of Plaintiff and/or others.

**TWELFTH AFFIRMATIVE DEFENSE**

12. LINA alleges that Plaintiffs' claims are barred by the Group AD&D Policy's provision that excludes coverage for a loss that is "caused by or results from … sickness, disease, bodily or mental infirmity or medical or surgical treatment thereof …"

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. LINA alleges that the FAC, and each purported claim contained therein, fails to state facts sufficient to constitute a prima facie claim for punitive or exemplary damages within the meaning of California Civil Code Sections 3294 and 3295, and the imposition of punitive or exemplary damages against it would violate California Civil Code Section 3294.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. LINA alleges that the basis by which punitive damages are imposed pursuant to California statutory and common law are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause) and Fourteenth Amendments to the United States Constitution and corresponding provisions of the California Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. LINA alleges that the act of asserting an amount for punitive damages is improper and violates California Civil Code Section 3295(e).

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's request for treble damages pursuant to California Civil Code Section 3345 is barred, in whole or in part, to the extent it violates the due process and equal protection provisions of the United States Constitution and the corresponding provisions of the California Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. LINA alleges that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of LINA's status in violation of its rights to due process and equal protections of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. LINA alleges that Plaintiffs' damages claim, if any, is limited by the provisions of California Insurance Code § 10111.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. LINA presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated affirmative defenses. LINA reserves the right to assert additional affirmative defenses in the event

discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

**PRAYER**

WHEREFORE, LINA prays for a judgment in its favor and against Plaintiffs as follows:

1. That Plaintiffs take nothing by their FAC in this action;
2. That the FAC be dismissed with prejudice;
3. For judgment against Plaintiff and in favor of LINA;
4. That LINA recover its costs and reasonable attorneys' fees to the extent permitted by law; and
5. For such other and further relief as the Court deems just and proper.

Dated: September 16, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Jason A. James*
Jason A. James
Attorneys for Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA